1

2

3

4

5

6                         **IN THE UNITED STATES DISTRICT COURT**

7                             **FOR THE DISTRICT OF ARIZONA**

8

9    Ramon Reyes Campos,                         No. CV-26-01220-PHX-JJT (JFM)

10                   Petitioner,                  **ORDER**

11   v.

12   David R. Rivas,

13                   Respondent.

14

15            Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 (Doc. 1).  The

16   Court issued an Order to Show Cause why the Petition should not be granted.  (Doc. 3.)

17   Respondents filed a response to the OSC. (Doc. 6.)  The Court grants the Petition and

18   orders Petitioner's immediate release from custody.

19            Petitioner entered the United States without inspection on November 15, 2022.

20   (Doc. 6-1 at 3.)  Respondents issued Petitioner a Notice to Appear on November 20, 2022

21   but released Petitioner from custody.  (*Id.*)  Respondents redetained Petitioner on

22   November 9, 2025 without notice or an opportunity to respond to his redetention.  In its

23   OSC, the Court directed Respondents to show cause why the Petition should not be granted.

24   The OSC specifically directed Respondents to address the argument that Petitioner was

25   previously paroled into the United States under § 1226(a).  (Doc. 3, ref. Doc. 1 at 6.)

26            Respondents' response to the Petition focused solely on whether Petitioner was

27   entitled to a bond hearing, maintained he was not so entitled, but nonetheless conceded

28   Petitioner is a class member in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025

1    WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).  (Doc. 9.)  Respondents' response did not

2    address the issue of whether Petitioner's prior release from custody created a liberty interest

3    in his freedom requiring a pre-deprivation hearing before being redetained.  The Court

4    therefore finds Respondents have waived any challenge to Petitioner's claim.  *United States*

5    *v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("[B]ecause this argument was not

6    coherently developed in his briefs on appeal, we deem it to have been abandoned.").

7            Petitioner's claims are nonetheless meritorious.  The Court has little difficulty

8    concluding Petitioner had a protected liberty interest in his release from immigration

9    detention and was entitled to a pre-deprivation hearing before rearrest and detention.

10   *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes

11   to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its

12   interest in doing so without a hearing is low."); *see also Y.M.M. v. Wamsley*, No. 2:25-

13   02075, 2025 WL 3101782, at *3 (W.D. Wash. Nov. 6, 2025); *Ramirez Tesara v. Wamsley*,

14   No. 2:25-cv-01723-MJP-TLF, 2025 WL 2637663, at *5,__ F. Supp. 3d __ (W.D. Wash.

15   Sep. 12, 2025); *E.A. T.-B. v. Wamsley*, No. C25-1192-KKE, 2025 WL 2402130, at *2–6,__

16   F. Supp. 3d __ (W.D. Wash. Aug. 19, 2025);  *Guillermo M. R. v. Kaiser*, No. 25-CV-

17   05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the

18   liberty interest that arises upon release [from immigration detention] is inherent in the Due

19   Process Clause"); *Ortega v. Kaiser*, No. 25-cv-05259-JST, 2025 WL 1771438, at *3 (N.D.

20   Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have

21   a strong liberty interest).

22           Respondents also did not address the three-pronged test articulated in *Mathews v.*

23   *Eldridge*, 424 U.S. 319, 332 (1976).  *Mathews* explains "[t]he fundamental requirement of

24   [procedural] due process is the opportunity to be heard 'at a meaningful time and in a

25   meaningful manner.'"  *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

26   To determine whether procedural protections satisfy the Due Process Clause, courts

27   consider three factors: (1) "the private interest that will be affected by the official action";

28   (2) "the risk of an erroneous deprivation of such interest through the procedures used, and

1    the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the

2    Government's interest, including the function involved and the fiscal and administrative

3    burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

4          As to the first factor, "[f]reedom from imprisonment — from government custody,

5    detention, or other forms of physical restraint — lies at the heart of the liberty that [the Due

6    Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v.*

7    *Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the

8    core of the liberty protected by the Due Process Clause.); *Hernandez v. Sessions*, 872 F.3d

9    976, 994 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is

10   always constrained by the requirements of due process.").

11         As to the second factor, Respondents do not address, much less support, why

12   Petitioner was redetained when he was previously released and necessarily determined to

13   be neither a flight risk nor a danger.  Petitioner remains in traditional removal proceedings

14   under § 1229 and is not subject to mandatory detention.

15         Finally, as to the third *Mathews* factor, as cited above in *Ortega* "[i]f the government

16   wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but

17   its interest in doing so without a hearing is low." 415 F. Supp. 3d at 970.  Further, detention

18   hearings in immigration courts are commonplace and impose a "minimal cost." *Doe v.*

19   *Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025).  In addition, here,

20   Respondents' interest is even lower because Petitioner was previously released after

21   immigration officials determined he was not a flight risk or danger to the community, and

22   there is no indication Petitioner violated any condition of his release.  *See Pinchi v. Noem*,

23   No. 25cv05632-RMI, 2025 WL 1853763, at *2 (N.D. Cal. July 4, 2025).

24         The Court finds that the *Mathews* factors weigh in favor of determining Petitioner

25   was entitled to a hearing before being redetained.  *See J.E.H.G. v. Chesnut*, 1:25-CV-

26   01673-JLT SKO, 2025 WL 3523108, at *14 (E.D. Cal. Dec. 9, 2025) ("[T]he immigrant's

27   initial release reflected a determination by the government that the noncitizen is not a

28   danger to the community or a flight risk.  Since it is the government that initiated re-

1    detention, it follows that the government should be required to bear the burden of providing

2    a justification for the re-detention.").  "The only potential injury the government faces is a

3    short delay in detaining [Petitioner] if it ultimately demonstrates to a neutral decisionmaker

4    by clear and convincing evidence that [the] detention is necessary to prevent danger to the

5    community or flight."  *Pinchi*, 792 F. Supp. 3d at 1037-38.  For all these reasons, the

6    Petition will be granted, and Petitioner will be ordered released from custody immediately.

7    *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention

8    is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he

9    traditional function of the writ is to secure release from illegal custody.").

10   **IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus

11   (Doc. 1) is **granted**.

12   **IT IS FURTHER ORDERED** Respondents must immediately release Petitioner

13   from custody under the same conditions that existed before his redetention.

14   **IT IS FURTHER ORDERED** Respondents must provide a notice of compliance

15   within two business days of Petitioner's release.

16   **IT IS FINALLY ORDERED** any pending motions are denied as moot and the

17   Clerk of Court shall enter judgment in Petitioner's favor and close this case.

18   Dated this 3rd day of March, 2026.

19

20   Honorable John J. Tuchi
     United States District Judge

21

22

23

24

25

26

27

28

- 4 -